**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARTHA A. BARBER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIV-04-1200-R |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered June 10, 2005 and Plaintiff's Objections to the Report and Recommendation filed June 30, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Repot and Recommendation *de novo* in light of Plaintiff's Objections.

In her first objection, Plaintiff asserts that the Magistrate Judge erred by improperly providing *post hoc* justification for the ALJ's failure to perform the analysis required by 20 C.F.R. § 404.1568(d), to determine whether Plaintiff had transferable skills, by finding that the Administrative Law Judge's ("ALJ") analysis of that issue was sufficient under Tenth Circuit law. The Court has reviewed the testimony of the Plaintiff and the Vocational Expert ("VE") at the hearing before the ALJ, the ALJ's decision and Report and Recommendation of the Magistrate Judge in light of Plaintiff's objection. The ALJ specifically found that from Plaintiff's past semi-skilled work she had acquired the skills of being able to perform complex instructions, taking orders, interacting with the public, knowledge of weights and

measures and making change and that these skills were transferable. *See* Tr. at 20-21 & 22. The Vocational Expert testified that those skills were transferable to the sedentary, semi-skilled positions identified in his testimony, see Tr. at p. 203, and which the ALJ found the Plaintiff could perform. Tr. at 22.  As the Magistrate Judge pointed out, the ALJ relied upon and was entitled to rely on the testimony of the VE as substantial evidence to support his findings that the Plaintiff had acquired specific skills from her past relevant work which were transferable to occupations which the Plaintiff could perform with her current limitations or residual functional capacity. *See* Report and Recommendation at pp .9-10, *citing Heard v. Barnhart*, 2004 WL 2153871 at *2 (10th Cir. Sept. 27, 2004) (No. 04-7010) and *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).  Plaintiff's objection is without merit.

In her second related objection, Plaintiff asserts that the Magistrate Judge erred in concluding that the specific skills which the ALJ identified as skills Plaintiff had acquired in her past relevant work were in fact transferable skills within the meaning of 20 C.F.R. § 404.1568(d).  Plaintiff implies that the ALJ found that the Plaintiff possessed transferable skills which did not qualify as such under SSR 82-4 and that in so finding, he committed legal error regardless of his reliance upon the VE's testimony for that information, citing *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987).  However, Plaintiff does not dispute that her prior relevant work experience was semi-skilled.  Nor does she dispute that skills she acquired from her prior work experience were those identified by the VE and found by the ALJ.  Rather, she argues that the "skills" identified as such cannot qualify as skills under SSR 82-41 "as they obviously take thirty days or less to acquire," Objection at p. 6, and

because following complex instructions is merely an aptitude or trait, not a transferable skill, citing *Frey v. Bowen*, 816 F.2d at 518.

The ALJ properly relied on the VE's testimony in concluding that these were skills Plaintiff had acquired that were transferable to the sedentary, semi-skilled jobs identified. *See Hargis v. Sullivan*, 945 F.2d at 1492. The VE's testimony and the ALJ's findings that these were transferable skills are completely consistent with 20 C.F.R. § 404.1568 and SSR 82-41. *See* 20 C.F.R. § 404.1568(b)("Semi-skilled work is work which needs some skills); 20 C.F.R. § 404.1568(d)(1) ("We consider you to have skills that can be used in other jobs, when the . . . semi-skilled work activities you did in past work can be used to meet the . . . semi-skilled work activities of other jobs or kinds of work.") 20 C.F.R. § 404.1568(d)(2) ("Transferability is most probable and meaningful among jobs in which – (i) [t]he same or a lesser degree of skill is required;"); SSR 82-41, 1982 WL 31389 (1982) at ¶¶ 2(a), (b) & (d), 3(b) & 4(a). Finally, the ability to carry out complex instructions does not equate to the traits of "common sense" or "logic" as Plaintiff suggests.

In her third objection, Plaintiff asserts that the Magistrate Judge erred in finding the ALJ's credibility determination sufficient under Tenth Circuit law and by improperly supplying a post hoc justification for that finding. In this regard, basically the Plaintiff argues that the ALJ did not closely link his finding concerning Plaintiff's credibility to specific evidence as required by *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) and *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) and that the Magistrate Judge cannot supply the missing links. Moreover, she maintains that even if facts cited by the Magistrate

Judge could supply the missing links, the Magistrate Judge referenced only less than half of the factors discussed in 20 C.F.R. § 404.1529(c) and SSR 96-7p, and both the ALJ and the Magistrate Judge ignored a significant amount of additional testimony and medical evidence in finding Plaintiff's pain not disabling.

As the Magistrate Judge pointed out, "*Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the [administrative law judge] sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of [*Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995)] are satisfied." Report and Recommendation at p. 14, *quoting Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). *See also White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) ("While we have insisted on objectively reasonable explanation over mere intuition, we have not reduced credibility evaluations to formulaic expressions . . . .") (quoted in part in the Report and Recommendation at p. 14). In this case, the ALJ set forth the evidence on which he relied in assessing the credibility of Plaintiff's complaints of disabling pain: 1) medical evidence in the case file that the physical changes, progressive physical deterioration and atrophy of associated musculature that tend to be manifested with severe intractable pain over an extended period of time are not present to a significant degree, Tr. at 20; 2) Plaintiff's testimony concerning her daily activities, including that she lives alone, is a full-time student attending classes three days a week for four hours each day, does laundry, dishes and cooking and can still take care of herself, though she can no longer do yard work or lift anything heavy and friends and family do help her out, Tr. at 20 & 18; 3) Plaintiff's testimony concerning the medication she takes for pain, which

includes Vioxx for pain and arthritis and occasionally Darvocet for pain, Tr. at 20 & 18; 4) medical evidence concerning the nature, location, onset, duration, frequency and intensity of Plaintiff's pain, Tr. at 20 & 17-18; 5) medical evidence of Plaintiff's functional restrictions, including Dr. Graham's opinions that Plaintiff would be able to walk about 3 city blocks, could sit/stand for more than two hours out of an 8-hour workday, would need a job that permitted shifting of positions, could frequently lift 10 pounds and occasionally 20 pounds, could work in an office type position and would not require resting during an 8-hour day, Tr. at 20 & 18; and 6) Plaintiff's testimony concerning her functional restrictions, including that she does not buy many groceries at a time and has been given special accommodations at school so she can get up and down as needed, Tr. at 20 & 19. The ALJ thus discussed most of the factors set forth in 20 C.F.R. § 416.929(c)(3) and SSR 96-7p, 1996 WL 374186 at *3. The ALJ's finding that Plaintiff's complaint that the pain she experiences is totally disabling is not credible, *see* Tr. at 20, is supported by specific and substantial evidence and the ALJ satisfied the dictates of *Kepler* and *Qualls, supra*.

The Court has reviewed the evidence cited by Plaintiff in her Opening Brief at pp. 22-23. That evidence does not overwhelm the evidence in the record cited by the ALJ in support of his credibility determination. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) ("a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record"). Moreover, "[c]redibility determinations are peculiarly the province of the finder of fact." *Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 777 (10th Cir. 1990). The Court does not reweigh the evidence or substitute its judgment for that

of the Commissioner's, *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005), and where, as here, the credibility determination is supported by substantial evidence, it will not be overturned. *See id.* at 1173.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the final decision of the Commissioner of the Social Security Administration is AFFIRMED.

**IT IS SO ORDERED this 25th day of July, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE